CJ-19-7026

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC 17 2019

RICK WARREN
COURT CLERK

| | |
|---|---|
| 1. ROBBIN GRIFFIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CJ-19- |
| | ) CJ-2019-7026 |
| 1. THE SALVATION ARMY d/b/a<br>AR & OK DIVISIONAL HQ TSA | ) |
| | ) JURY TRIAL DEMANDED |
| | ) ATTORNEY LIEN CLAIMED |
| Defendant. | ) |

## PETITION

**COMES NOW THE PLAINTIFF**, Robbin Griffin, and pleads as follows:

### PARTIES

1. The Plaintiff is Robbin Griffin, an adult female resident of Oklahoma County, Oklahoma.

2. The Defendant is The Salvation Army d/b/a AR & OK Divisional HQ-TSA, a foreign entity doing business in Oklahoma County, Oklahoma.

### VENUE

3. Ms. Griffin's claims are for gender discrimination, including gender plus age, in violation of Title VII of the Civil Rights Act of 1964; and age discrimination in violation of the Age Discrimination in Employment Act.

4. Most of the conduct giving rise to this litigation occurred in Oklahoma County, Oklahoma, such that venue is proper in Oklahoma County, Oklahoma.

EXHIBIT 5

## STATEMENT OF FACTS

5. The Defendant employed at least twenty employees for at least twenty weeks of the current or proceeding year, such that it is an employer subject to Title VII and the OADA.

6. Ms. Griffin was employed by the Defendant from around November 14, 2011, until around October 10, 2018.

7. Ms. Griffin worked under the job title of Secretary/Receptionist.

8. Ms. Griffin was qualified for her job and performed satisfactorily.

9. Defendant involuntarily terminated Ms. Griffin's employment around October 10, 2018.

10. Defendant did not give Ms. Griffin any warning that she was going to be terminated.

11. At the time of her termination, Ms. Griffin was approximately sixty-seven years old.

12. Ben Lawrence (Major), told Ms. Griffin she was being terminated.

13. Major Lawrence (male) is in his late forties to early fifties, to Ms. Griffin's present knowledge and belief.

14. During the termination meeting, Major Lawrence gave Plaintiff a document providing a list of "the ages and job titles of employees who were and were not selected for the layoff and offered consideration for signing the waiver" (hereinafter "Termination List").

15. Of the three employees identified as working under the job title of "Regional Accountants", Defendant selected for layoff the oldest employee.

16. Of the three employees identified as working under the title "Finance Administrative", Defendant selected for layoff the oldest employee.

17. Of the three employees identified as working under the title of "Administrative", Defendant selected for layoff the oldest employee.

18. Of the two employees identified as working under the title of "Social Services Director", Defendant selected for layoff the oldest employee.

19. Plaintiff was the oldest employee in her job title to be selected for termination.

20. To Plaintiff's present knowledge and belief, every person selected for termination was female.

21. During the termination meeting, Major Lawrence gave Ms. Griffin a document purporting to be a "Letter Agreement and Release" (hereinafter "Agreement and Release").

22. Major Lawrence asked Ms. Griffin to sign the "Agreement and Release" and return it to the Defendant.

23. Consideration included in the "Agreement and Release" included a promise by Defendant to pay Ms. Griffin the equivalent of twelve (12) days' wages in exchange for Ms. Griffin agreeing to certain conditions, including (but not limited to):

    A. Ms. Griffin would have to release any claims she had against the Defendant for age or gender discrimination;

    B. Ms. Griffin would have to agree that she was unaware of any conduct by Defendant that Ms. Griffin believes may be unlawful, including unlawful gender and age discrimination;

3

      C.    Ms. Griffin agrees not to seek any damages arising from her termination of employment, even if Defendants' decision to terminate Ms. Griffin's employment was motivated by and/or because of, Ms. Griffin's age and/or gender.

24. Plaintiff did not sign the "Agreement and Release."

25. Plaintiff's job duties continued to exist.

26. To Plaintiff's knowledge and belief, the Plaintiff's job duties were given to other employees, some of whom were younger females.

27. As a direct result of her termination, the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages); and emotional distress/dignitary harm, including sadness, frustration, sleeplessness and similar unpleasant emotions.

28. At the least, significant factors in the decision to terminate the Plaintiff include age, gender, and/or a combination of her gender and age.

29. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination no later than May 25, 2019. The EEOC issued Plaintiff her right to sue letter around October 28, 2019 and Plaintiff received such letter thereafter. This Petition is timely filed within ninety (90) days of her receipt of her right to sue letter.

## COUNT I

Plaintiff incorporates the above allegations and further pleads:

30. Gender discrimination, including gender plus age discrimination, violates Title VII of the Civil Rights Act of 1964.

31. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

32. Because the Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, she is entitled to an award of punitive damages under federal law.

## COUNT II

Plaintiff incorporates the above allegations and further pleads:

33. Discrimination on the basis of age violates Age Discrimination in Employment Act.

34. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages).

35. Because the Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, she is entitled to an award of liquidated damages.

## PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the Defendant, and grant her all compensatory damages suffered, together with all damages, liquidated damages, attorneys' fees, costs and interest, and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 17th DAY OF DECEMBER 2019.**

        HAMMONS, HURST & ASSOCIATES

        */s/ Amber L. Hurst*

        Mark E. Hammons, OBA No. 3784
        Amber L. Hurst OBA No. 21231
        Brandon D. Roberts, OBA No. 34012
        325 Dean A. McGee Avenue
        Oklahoma City, Oklahoma 73102
        Telephone: (405) 235-6100
        Email: amber@hammonslaw.com
        JURY TRIAL DEMANDED
        ATTORNEY LIEN CLAIMED